## DRUMMOND v. STEELE.*

(Circuit Court of Appeals, Fifth Circuit. February 13, 1926. Rehearing Denied March 5, 1926.)

No. 4566.

1. Railroads ⊚=64(1)—One contracting with another furnishing right of way held bound to procure continuous and permanent railroad service.

One contracting, in consideration of another's furnishing and grading of right of way, "to procure that the said proposed railway company to be organized * * * shall operate regular trains" between named places, giving a certain place "the same service at all times as shall be given" another named place, held to have bound himself personally to procure continuous and permanent operation of railroad involved, and liable for damages for failure to do so, nor was language "at all times," used in contract and also in deed of right of way, descriptive of quality of service, rather than its duration.

2. Contracts ⊚=126—Contract to procure necessary legislation for construction of railroad held not void as against public policy.

Contract by which one party agreed with another, who was to furnish right of way, to procure necessary legislation in a legitimate matter, held not void as against public policy.

3. Railroads ⊚=64(2)—Damages for depreciation of property by breach of contract for railroad service on line constructed on right of way furnished held too remote.

In action for breach of contract by which defendant, in consideration of plaintiff's furnishing right of way, agreed to organize and secure charter for railroad which would furnish service desired by plaintiff on line to be constructed, damages, in form of depreciation in value of plaintiff's property, held too remote to be recoverable.

*Certiorari granted 46 S. Ct. 633, 70 L. Ed. ——.

4. Railroads ⊚=64(2)—Plaintiff, furnishing railroad right of way under contract breached, held entitled to damages making him whole on investment made in reliance on contract.

Plaintiff, contracting to furnish right of way in consideration of defendant's organizing, securing charter for, and operating railroad to give desired service, on defendant's breach of contract, held entitled to damages which would make him whole on his investment made in reliance on contract.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by J. H. Drummond against Ben W. Steele, as executor of the estate of A. B. Steele, deceased. Judgment on demurrer for defendant, dismissing petition, and plaintiff brings error. Reversed and remanded.

John A. Sibley, of Atlanta, Ga. (King, Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for plaintiff in error.

William D. Thomson, of Atlanta, Ga. (Candler, Thomson & Hirsch, of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error to review a judgment dismissing plaintiff's petition on general demurrer. The facts alleged in the petition are substantially the same as those developed in the case of St. Andrews Bay Lumber Co. v. Drummond (C. C. A.) 299 F. 238, and need not be restated. In that case the plaintiff in this case recovered as damages the value of a quantity of rails removed from a terminal or branch line of railroad track. The point insisted on there was that the title to the rails did not revert to plaintiff, and one of the grounds for holding that such title did revert was that the rails became an accession to the land, because the railroad was not built for temporary but for permanent use. We further held that Steele, whose executor is now sought to be held liable, bound himself personally by his contract with Drummond to procure the continuous and permanent operation of the railroad.

[1] We are still of the same opinion. The exact language of Steele's obligation, as it appears in the written contract, is: "The said A. B. Steele further agrees to procure that the said proposed railway company to be organized as aforesaid in conjunction with the said Atlanta & St. Andrews Bay Railway Company shall operate regular trains over the said two roads from Dothan, Ala., to St. Andrews, Fla., giving to St. Andrews, Fla.,

the same service at all times as shall be given by the said Atlanta & St. Andrews Bay Railway Company to Panama City for both regular and excursion trains, with equally good rates (as far as permitted by the public authorities) for the carriage of both passengers and freight."

A condition in the deed to the railroad company organized and owned by Steele was that it should "constantly and continually, forever, * * * give to the town of St. Andrews at all times service equal at least in all respects to that given * * * to the town of Panama City," etc. The contention of defendant is that the expression "at all times" in Steele's contract was descriptive of the quality of service, and not of its duration, in support of which it is pointed out that the condition in the deed would be broken upon failure to operate the railroad "constantly and continually, forever."

We are of opinion that Steele's obligation to procure railroad service for St. Andrews was intended to continue so long as such service was given to Panama City. If the expression "at all times" did not relate to the duration of service, it was superfluous, because without the use of it the same kind of service, while it lasted, would have been required. Multiplication of words would not have made the obligation more binding. The deed was a more formal instrument than the contract, and naturally more care would be taken in expressing the conditions upon which a reversion of title would take place. It is a fair inference that Steele was thoroughly acquainted with the provisions of the deed to his corporation, and it is reasonably to be supposed that the terms expressed in the deed were put in to carry out the intention of the contract, rather than that new or different terms were being agreed upon.

[2] It is suggested that the contract between Drummond and Steele was void, because it was in contravention of public policy, in that it embodied the idea that the parties to it by their undertaking to procure the passing of ordinances granting rights of way agreed to influence legislation. We do not understand that an agreement to secure legislation for legitimate purposes, and in a legitimate manner, is against public policy, nor unless that agreement by its terms or by necessary implication requires performance of acts which are of a corrupt character, or which have a corrupting tendency. 6 R. C. L. 732.

[3, 4] One of the counts of the petition seeks to recover damages measured by the depreciation in the value of plaintiff's property. We think such damages are too remote, but that plaintiff is entitled to recover such damages as will make him whole upon his investment, which was made in reliance upon the contract sued on.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.